**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Fairview Health Services *a Minnesota Non-Profit Corporation*,

Plaintiff,

v.

B. Braun Medical, Inc.,

Defendant.

Case No. 25-cv-03884 (ECT/ECW)

**ORDER**

---

This matter is before the Court on Defendant B. Braun Medical Inc.'s Motion Regarding the Continued Partial Sealing of Plaintiff's Original Complaint (Dkt. 33) ("the First Motion"), Plaintiff Fairview Health Services' Motion for Continued Partial Sealing of the First Amended Complaint and Additional Filings (Dkt. 51) ("the Second Motion"), and the parties' Joint Motion Regarding Continued Sealing [of] Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Related Filings (Dkt. 58) ("the Third Motion").

Through these Motions, the parties seek the continued sealing of the Original Complaint: Docket Entry 1-1 (Dkt. 33), the First Amended Complaint: Docket Entry 15 (Dkt. 51), and several filings made in connection with Defendant's Motion to Dismiss Plaintiff's First Amended Complaint: Docket Entries 25, 26, 40, 43, 46 and 49 (Dkts. 51, 58). Plaintiff also moves the Court for "an Order permitting the parties to file future sealed pleadings and supporting documents, concurrently with partially redacted public versions of those documents, which contain similar material of a confidential nature

regarding the contract at issue in this matter, without the need of further motion or order of this Court." (Dkt. 51 at 2.)

As an initial matter, the parties appear to be mistaken that some of these documents have been filed under temporary seal. The Original Complaint is currently filed as "Temporarily Restricted," but has not been filed under seal. (Dkt. 1-1.) The First Amended Complaint was filed publicly on November 6, 2026. (Dkt. 15.) Regardless, the Court considers the parties' arguments as to whether these documents should be sealed.

## I. LEGAL STANDARD

American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies." It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations omitted).

"This right of access is not absolute, but requires a weighing of competing interests." *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-CV-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)). According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference

> against the salutary interests served by maintaining confidentiality of the information sought to be sealed. . . . The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (citation modified); *see also Architectural BusSTRUT Corp. v. Target Corp.*, No. 19-CV-968 (DSD/ECW), 2021 WL 5992308, at *2 (D. Minn. July 19, 2021). That said, "[a]lthough the court is given . . . supervisory power [over its records], '**only the most compelling reasons can justify non-disclosure of judicial records**.'" *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (emphasis added) (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)).

"[A]ll documents properly filed by a litigant seeking a judicial decision are judicial records and are entitled to a presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1044 (D. Minn. 2021). "Modern cases on the common-law right of access say that 'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resulting value of such information to those monitoring the federal courts.'" *IDT*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). When a document plays only a negligible role in a court's exercise of its Article III duties, such as a complaint that has not been adjudicated, the public's interest in access to the document is weaker and "the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* (quoting *Amodeo*, 71 F.3d at 1050).

## II. ANALYSIS

### A. The First Motion: The Original Complaint

The First Motion seeks sealing of the Original Complaint. (Dkt. 33.) The Court begins by considering the role of the document at issue in the Court's exercise of its duties. *See IDT*, 709 F.3d at 1224. Here, Defendant seeks, and Plaintiff does not oppose, sealing of the Original Complaint. (Dkts. 33, 35.) While this Complaint was the subject of a Motion to Dismiss (Dkt. 5), the Motion to Dismiss was denied as moot after Plaintiff filed the First Amended Complaint. (*See* Dkts. 15, 22.) As such, the Original Complaint was never adjudicated and therefore played "only a negligible role in the performance of Article III duties." *IDT*, 709 F.3d at 1224 (quoting *Amodeo*, 71 F.3d at 1050). As such, the weight of the presumption of public access is low. *Id.*

Turning to the interests served by maintaining confidentiality, Defendant asserts that certain paragraphs of the Original Complaint should be sealed because they disclose the content of confidential contracts, "allowing competitors to unfairly compete against B. Braun." (Dkt. 36 at 7-10.) The Court concludes that this interest is sufficient to justify sealing of the Original Complaint in light of the public's minimal interest in access to the Original Complaint. The Court has reviewed the proposed redactions to the Original Complaint (Dkt. 32) and finds them reasonable in light of the relative interests of the public and the parties. Accordingly, the Court grants the First Motion insofar as it seeks sealing of the Original Complaint.

### B. The Second and Third Motions: The First Amended Complaint and Related Motion Practice

The Second and Third Motions both relate to the First Amended Complaint and filings related to Defendant's Motion to Dismiss the First Amended Complaint. (Dkts. 51, 58.) On February 5, 2026, Plaintiff brought the Second Motion, which sought continued partial sealing of the First Amended Complaint (Dkt. 15), Plaintiff's Memorandum of Law in Opposition to B. Braun's Motion to Dismiss First Amended Complaint (Dkt. 40), and Exhibit A to the Declaration of Kathryn Stephens (Dkt. 43). (Dkt. 51 at 1.) Defendant did not oppose the filing of these documents under seal. (Dkt. 54.) On February 25, 2026, the parties brought a joint Motion seeking continued sealing of the following additional filings made in connection with the Motion to Dismiss the First Amended Complaint:

- Defendant's Memorandum of Law in Support of Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 25);
- The Declaration of Glenn Conklin in Support of B. Braun's Motion to Dismiss Plaintiff's First Amended Complaint including Exhibits A-E (Dkt. 26);
- Fairview's Memorandum of Law in Opposition to B. Braun's Motion to Dismiss First Amended Complaint (Dkt. 40);[1]
- Defendant's Reply Memorandum Supporting its Motion to Dismiss Plaintiff's FAC (Dkt. 46); and
- Exhibit E to the Supplemental Declaration of Glenn Conklin (Dkt. 49).

---

[1] Docket Entry 40 is addressed by both the Second and Third Motions.

(Dkt. 58 at 1-8.)[2]

The Court begins by considering the public's interest in access to these documents. Unlike the Original Complaint, the First Amended Complaint was subject to a Motion to Dismiss that has been adjudicated on the merits. (*See* Dkts. 23, 62-63.) Documents filed in support or opposition of a dispositive motion are integrally involved in the resolution of the merits of a case, and parties seeking sealing of such documents have a heightened burden to overcome the presumptive right of access to such filings. *Shapco Printing, Inc. v. MKM Importers, Inc.*, No. 021CV2155PAMECW, 2021 WL 4846365, at *2 (D. Minn. Oct. 18, 2021) (citing *Krueger v. Ameriprise Fin., Inc.*, No. CV 11-2781 (SRN/JSM), 2014 WL 12597948, at *8-9 (D. Minn. Oct. 14, 2014), *aff'd*, 2015 WL 224705 (D. Minn. Jan. 15, 2015); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. 632, 636 (D. Minn. 2007)).

Turning to the parties' interests in sealing, the parties assert that sealing is justified because the documents at issue disclose the content of confidential contracts, allowing for unfair competition should they remain public. (Dkt. 55 at 2-8; Dkt. 58 at 1-8.) The Court has carefully reviewed the documents at issue, including the exhibits, and concludes that

---

[2] At one point in the Third Motion, the Parties also list Docket Entry 42 among the documents that the parties agree should remain sealed. (*See* Dkt. 58 at 5.) However, Docket 42 is not currently under seal. The Joint Motion states elsewhere that "[t]he parties agree that ECF No. 42 is a publicly available publication and may be unsealed," and omits Docket Entry 42 in other sections of the Joint Motion that list the docket entries for which the parties seek sealing. (*See id* at 1, 8.) Further, the Proposed Order filed in connection with Third Motion does not reference Docket Entry 42. (Dkt. 59.) The Court understands the parties to be in agreement that Docket Entry 42 may be unsealed, and issues no order as Docket Entry 42 because it is currently unsealed.

the parties have not met the heightened burden required overcome the presumptive right of the public to access as to these documents. *See Shapco Printing*, 2021 WL 4846365, at *2 (concluding that the parties' interest in maintaining the confidentiality of a contract that contained "confidential and business terms that could erode its competitive edge if publicly disclosed" did not outweigh the public's interest in accessing documents filed in connection with a dispositive motion). Moreover, the Amended Complaint was publicly filed on November 6, 2026 (Dkt. 15) and has been publicly available since that date. This weighs against now sealing that document. Further, much of the information for which the parties seek continued sealing will remain public regardless of the outcome of this motion, as Plaintiff has publicly filed a Second Amended Complaint that contains much, if not all, of the factual information that the parties sought to seal in connection with the prior complaint. (*Compare* Dkt. 79, *with* Dkt. 15, *and* Dkt. 55.)

Finally, the Court addresses Plaintiff's request in the Second Motion that the Court enter an "Order permitting the parties to file future sealed pleadings and supporting documents, concurrently with partially redacted public versions of those documents, which contain similar material of a confidential nature regarding the contract at issue in this matter, without the need of further motion or order of this Court." (Dkt. 51 at 2.) This request is denied. The parties must follow the procedures set forth in District of Minnesota Local Rule 5.6 to file documents under seal.[3]

[3] The Court refers the parties to recent amendments related to the procedure of sealing motions in connection with filing a motion under Local Rule 7.1. *See* D. Minn. LR 5.6(d).

## III. ORDER

Based on the motions and the documents filed under seal, as well as all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant B. Braun's Motion Regarding the Continued Partial Sealing of Plaintiff's Original Complaint (Dkt. 33) is **GRANTED** insofar as the Clerk of Court is directed to designate Docket Entry 1-1 as **SEALED**;

2. Plaintiff Fairview Health Services' Motion for Continued Partial Sealing of the First Amended Complaint and Additional Filings (Dkt. 51) is **DENIED**;

3. The Parties' Joint Motion Regarding Continued Sealing Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Related Filings (Dkt. 58) is **DENIED**; and

4. Docket Entries 25, 26, 40, 43, 46 and 49 are **UNSEALED** in accordance with the Local Rules.

DATED: September 4, 2026

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge